ELIZABETH E. GRANEY ET ALS., In Equity

*vs.*

JOSEPH E. F. CONNOLLY, TRUSTEE ET ALS.

Cumberland.    Opinion December 23, 1924.

*A passive trust is one in which the trustee is a mere passive depositary of the trust property with no active duties to perform. A passive or dry trust arises when the property is vested in one person in trust for another and the nature of the trust, not being prescribed by the donor, is left to the construction of law.*

In the instant case the trust created in the will was not merely a dry or passive trust, but an active trust, its nature being prescribed by the will and requiring active duties on the part of the trustee.

The estate of the plaintiffs is clearly defined in the will as a life estate.

If the real estate is unproductive the plaintiffs may perhaps obtain relief under R. S., Chap. 73, Secs. 10 and 11.

On report. Bill in equity seeking the construction of certain clauses in the will of Thomas D. Leonard, late of Portland, deceased, and the determination of the character of the plaintiffs' interest in certain real estate mentioned in Clause 8 of the will. A hearing was had upon the bill and answer and by agreement of the parties the

cause was reported to the Law Court. Bill sustained with taxable costs payable out of the estate. Decree that plaintiffs hold life estate only under item eight.

The case is stated in the opinion.

*Clinton C. Palmer*, for plaintiffs.

*Joseph E. F. Connolly*, for defendants.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

CORNISH, C. J. Bill in equity praying for the construction of certain clauses in the will of Thomas D. Leonard, late of Portland, deceased, and the determination of the character of the plaintiffs' interest in the Briggs Street real estate mentioned in Clause 8. The precise question as stated by plaintiffs counsel is "Whether complainants hold the fee simple title thereto free and clear from any incumbrance or subject to some interest in favor of the trustee or of complainants' heirs, or hold life estate only."

Clause 8 reads: "I give, bequeath and devise to my two daughters Elizabeth Ellen Graney and Mary Alice Haley for and during the term of their natural lives my houses and lands situated at number 2, number 4, number 10 and in the rear of number 10, and number 12, Briggs Street in said Portland, to manage and control the same, keep the same insured against loss by fire for the benefit of my estate, to keep the same in repair, tenantable and let the same and receive the income therefrom and from such income pay the expenses of keeping the same insured and in good repair. Such repairs and keeping to be subject to the approval of my executor and trustee herein named and his successor or successors. My said daughters are at liberty to occupy the rents in which they now live and continue in the same as they have during my life. The net income after paying the above named expenses is to be divided equally between my said daughters and this life estate is to continue during the life of each daughter and the survivor. This property shall not be sold or disposed of except as above stated during the life of my daughters or the life of the survivor."

In this connection should be read Clauses 11, 12 and 13, viz.:

"Eleventh: In case of the death of either daughter I direct my executor and trustee to take charge of her portion of the estate that

she would have held if she continued to live and pay over the income therefrom to her legal heirs up to the time of the death of the other daughter."

"Twelfth: After the death of my two daughters I give and bequeath to my executor and trustee all the income of my estate of every name and nature to be held in trust for a period of five years and pay over to the heirs of my said daughters respectively as each would be entitled by the right of descent and in that proportion the net income of my said estate and I direct that he during that period keep the premises occupied, rented and in tenantable condition and properly insured for the benefit of my estate."

"Thirteenth: At the expiration of said five years, I order and direct my said executor and trustee to distribute all of my estate amongst the heirs of my daughters in the proportion that they would inherit as heirs of each.

"Lastly, I give and bequeath and devise, to take effect at the expiration of five years after the death of the survivor of my two daughters all the rest, residue and remainder of my estate, real, personal and mixed wherever situated and however or whenever acquired;" but no devisee or legatee was named. This was followed by certain other requests not important here.

It should here be stated that Thomas D. Leonard died on September 3, 1912, leaving no widow and as his only heirs at law two daughters, the plaintiffs here, Mrs. Graney who has three children and Mrs. Haley who has none. The testator named Matthew J. Leonard both as executor and trustee, but Matthew J. Leonard was appointed executor and Joseph E. F. Connolly was appointed trustee. The executor fully performed his duty and turned the estate over to the trustee. The trustee thereupon brought a bill in equity asking first for the interpretation of item eight and especially whether the trustee appointed thereunder, the executor having closed his accounts, was the person to approve the repairs and the keeping. The court answered that he was. *Connolly, Trustee, in eq.* v. *Leonard et als.*, 114 Maine, 29, decided September 7, 1915.

The trustee in that proceeding further inquired whether taking items eight and eleven together a trust was created for the legal heirs mentioned in item eleven and, if so, what became of the life estate of the survivor. The court declined to answer, following the adopted policy not to answer questions in the construction of wills as to con-

tingencies which have not yet arisen. A third question pertained to the party who should hold the deposit books representing deposits in various Portland banks and the court held that the trustee should retain them.

It will thus be seen that in that proceeding begun ten years ago the present interest of the daughters in the Briggs Street property was assumed to be that of life tenants under item eight, and on that basis apparently the affairs of the estate have been since conducted.

Now the parties are reversed and the daughters come in as parties plaintiff and ask to have item eight construed as giving them at once, not merely a life estate in the Briggs Street property but a fee simple, free and clear of any incumbrance and subject to no interest in favor of the trustee or of the plaintiffs' heirs at the termination of the expressed life estate and the five-year period beyond the death of the surviving daughter.

The learned counsel for the plaintiffs presents an ingenious argument to sustain his contention, claiming that the trust created was a mere dry or passive trust, that the restriction against alienation is void, that there was no residuary estate created because no devisee or legatee was named in the will, and therefore not merely the life estate but the entire fee vested in presenti in the daughters and that is their present interest.

We cannot accede to this proposition. Its basis is an alleged passive trust and certainly the trust here created does not fall within that category. The very recent case of *Dixon* v. *Dixon*, 123 Maine, 470, has so clearly defined the two classes and so sharply discriminated between them that it is unnecessary to discuss this proposition at length. The conclusion there reached is that "a passive trust is one in which the trustee is a mere passive depositary of the trust property with no active duties to perform." "A passive or dry trust arises when property is vested in one person in trust for another and the nature of the trust, not being prescribed by the donor, is left to the construction of law." These definitions do not fit the trust created here. The nature of the trust is prescribed by the donor and in plain terms. The trust itself is not passive, but very much alive, with increasing duties devolving upon the trustee, after the death of one daughter, and still more, continuing for a period of five years, after the death of the survivor. The foundation stone

thus crumbling the contention built thereon falls.   The life estates and the trust must be recognized as in full force as in the decision in the former case.

It may be that the Briggs Street property is unproductive and that it would be to the advantage both of the life interests and the remainder that it be sold and the proceeds invested in interest-bearing securities to be held by the trustee in its place, the same as the substantial balance of the trust property is held.   This might be done on bill in equity brought by the trustee alleging and proving the necessary facts and asking for instructions under R. S., Chap. 73, Secs. 10 and 11.   The life tenants could join the trustee in any conveyance that might be authorized by the court.   The provision against alienation affords no barrier to such a proceeding.   This has been done, *Elder* v. *Elder*, 50 Maine, 535, and very recently, *Mann* v. *Mann*, 122 Maine, 468.

The entry in the present bill must be,

> *Bill   sustained   with   taxable*
> *costs payable out of estate.*
> *Decree that plaintiffs hold life*
> *estate only under item eight.*